J-A05006-24

2024 PA Super 65

| | | |
|---|---|---|
| AMBER SHOOK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LEHIGH VALLEY RESTAURANT | : | |
| GROUP, INC. D/B/A RED ROBIN | : | |
| GOURMET BURGERS AND BREWS | : | No. 1861 EDA 2023 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered June 21, 2023
In the Court of Common Pleas of Chester County Civil Division at No(s):
2021-01491-TT

BEFORE:  DUBOW, J., KING, J., and LANE, J.

OPINION BY DUBOW, J.:                                    **FILED APRIL 04, 2024**

Appellant, Lehigh Valley Restaurant Group, Inc. d/b/a Red Robin Gourmet Burgers and Brews ("Red Robin"), appeals from the June 21, 2023, order granting the post-trial motion for a new trial limited to the issue of damages filed by Appellee, Amber Shook ("Ms. Shook").  After careful review, we reverse and remand for further proceedings.

The relevant facts and procedural history are as follows.  On April 13, 2019, Ms. Shook slipped and fell at a Red Robin restaurant in Exton, Chester County, injuring her elbow.  Almost two years later, she filed a complaint alleging that Red Robin's negligence in, *inter alia*, failing to maintain the interior floors of the restaurant caused her to fall.  She sought non-economic damages only, including for past and future pain and suffering, embarrassment, humiliation, and inability to enjoy life's pleasures.  Red Robin

denied liability and alleged that Ms. Shook was negligent in failing to take note of a caution sign placed by restaurant employees in the area where she fell.

A three-day jury trial commenced on February 8, 2023. Ms. Shook presented two expert medical witnesses who testified about the nature and extent of her injuries. The evidence at trial also established that: (1) Ms. Shook's treating physician recommended physical therapy, but Ms. Shook did not follow that recommendation; (2) she had not obtained treatment for her injury in the three years prior to trial; (3) a week after the accident, Ms. Shook vacationed with her family at a beach resort; (4) she did not miss any time from work as a result of the accident; and (5) the accident did not have any impact on Ms. Shook's job.

After the jury began deliberating, it became deadlocked. The trial court then gave the jury the "deadlocked jury" instruction and the jury resumed deliberating. It eventually returned to the courtroom and attempted to deliver a verdict that apportioned 70% of liability to Red Robin and 30% to Ms. Shook and awarded Ms. Shook $0 damages. Upon reading the verdict sheet to himself, but not aloud in court, the trial judge rejected the proposed verdict and instructed the jury that it needed to award some damages to Ms. Shook.[1]

---

[1] The trial court instructed the jury as follows:

> Ladies and gentlemen of the jury, I have been advised that you've reached a verdict. As you know, the tipstaff brings the verdict slip to me and I'm just looking to make sure that its legally compliant, in other words, it's signed, it's dated, whatever and in order to do

*(Footnote Continued Next Page)*

No party objected to the jury instruction. Shortly thereafter, the jury returned with the verdict slip noting an award in Ms. Shook's favor of $1,000.

Following the verdict, Ms. Shook filed a motion for additur or a new trial on damages only. At a hearing on the motion, however, Ms. Shook advised the court that she was proceeding only with her request for a new trial on damages because the jury's award of $1,000 was against the weight of the evidence. Importantly, Ms. Shook did not assert that the trial court had erred in providing the jury with an additional instruction that it must award her some damages.[2]

After considering the parties' arguments and briefs, the trial court entered an order vacating the damages award of $1,000, purportedly reinstating the $0 damages verdict, and ordering a new trial limited to the issue of damages. The trial court explained that it determined that awarding a new trial was appropriate because it had erred in ordering the jury to resume deliberations to award Ms. Shook damages for pain and suffering. It further explained that the reinstated award of $0 damages was against the weight of the evidence.

---

that obviously I look at it and the current state of the law is that if you find the defendant negligent and you find a factual cause, in other words, a cause of harm, you must award some amount of damages. It does not - - you must award some amount of damages. . . . You can make a decision as to some amount.

N.T. Trial, 2/8/23, at 37-38.

[2] Nor would she have raised such a claim given that the court's instruction to the jury benefitted her.

- 3 -

This appeal followed. Both Red Robin and the trial court complied with Pa.R.A.P. 1925.

Red Robin raises the following issues on appeal:

1. Did the trial court erroneously vacate the jury's $1,000 verdict and reinstate a decision to award $0, because (a) the jury's unannounced, unaffirmed decision to award $0 is not a verdict; (b) [Ms.] Shook failed to preserve a claim of error; and (c) she cannot meet the standard to award a new trial *sua sponte*?

2. Did the trial court erroneously grant [Ms.] Shook's motion for a new trial, because $1,000 verdict shocked the conscience?

3. Alternatively, did the trial court erroneously grant a new trial based on the jury's decision to award $0, because the trial court relied on distinguishable case law, and juries may award $0 in non-economic damages?

Red Robin's Brief at 8-9 (trial court answers omitted).

**A.**

Each of Red Robin's issues challenges the trial court's order awarding Ms. Shook a new trial limited to the issue of damages. The decision to order a new trial is within the trial court's discretion and we review such an order for an abuse of that discretion. *Mazzie v. Lehigh Valley Hospital-Muhlenberg*, 257 A.3d 80, 89 (Pa. Super. 2021). "An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." *Mader v. Duquesne Light Co.*, 241 A.3d 600, 607 (Pa. 2020).

**B.**

In its first issue, Red Robin asserts that the trial court erred in granting Ms. Shook's motion for a new trial on damages after vacating the jury's $1,000 verdict and "reinstating" the jury's award of $0. Red Robin's Brief at 28-43. Red Robin argues that the court erred because Ms. Shook did not object at trial or in her post-trial motion to the court's instruction to the jury that it must award some damages, and, therefore, the trial court vacated the jury's verdict and granted a new trial based on an unpreserved claim of error. *Id.* at 29, 35-41. Red Robin avers that because Ms. Shook did not include the issue of the court's erroneous jury instruction in her post-trial motion, Red Robin was not afforded the opportunity to make an informed decision as to whether to file its own motion for a new trial on liability or for judgment *n.o.v. Id.* at 39-40. We agree.

Pa.R.Civ.P. 227.1 provides, in relevant part, that "post-trial relief may **not be granted** unless the grounds therefor . . . were raised . . . by . . . objection . . . or other appropriate method at trial [and] are specified in the motion." Pa.R.Civ.P. 227.1(b)(1)-(2) (emphasis added). Rule 227.1 is clear that "[g]rounds not specified are deemed waived[.]" *Id.* at 227.1(b)(2).

The trial court explained that it granted Ms. Shook a new trial on damages because it had erred by rejecting the jury's initial effort to deliver a $0 verdict and instructing the jury that it must award her damages. Our review of the record confirms, however, that Ms. Shook did not raise this purported error as a ground for relief in her post-trial motion. Rule 227.1(b)(1)-(2) is explicit: the trial court **cannot** grant post-trial relief on

- 5 -

grounds not specified in the post-trial motion. Accordingly, we conclude that the trial court abused its discretion by granting Ms. Shook a new trial on grounds not raised by her in a post-trial motion. *C.f. Commonwealth v. Whiting*, 767 A.2d 1083, 1087-88 (Pa. Super. 2001) (holding that the trial court abused its discretion in granting the defendant's suppression motion on grounds not raised by the defendant in the motion); *Commonwealth v. Banks*, 165 A.3d 976, 980-81 (Pa. Super. 2017) (concluding that the suppression court abused its discretion in granting the defendant's suppression motion based on issues not raised in the motion because, *inter alia*, "the Commonwealth had no opportunity to respond to that argument"); *Commonwealth v. Carter*, 234 A.3d 729, 734-35 (Pa. Super. 2020) (explaining that, because Pa.R.Crim.P. 581(D) requires that a motion to suppress state specifically, *inter alia*, the grounds for suppression, "the suppression court erred by suppressing evidence on grounds not asserted in [the defendant's] motion").

Having determined that the trial court abused its discretion in awarding Ms. Shook a new trial on damages, we next address Red Robin's argument that the trial court erred in vacating the jury's $1,000 damages award and attempting to reinstate the $0 damages award. Red Robin's Brief at 28-30. Red Robin avers that because the court never announced the $0 damages award in open court, polled the jury about it, or properly recorded it, it was not a valid verdict that could be reinstated. Red Robin's Brief at 29-30. We agree.

- 6 -

It "is well-settled that jury verdicts must be announced in open court and in the presence of the parties and their counsel in order to be valid." **Drum v. Shaull Equipment and Supply Co.**, 787 A.2d 1050, 1057 (Pa. Super. 2001). Here, it is undisputed that the trial court did not announce the jury's intended $0 damages award in open court. Rather, the trial court read the verdict slip to himself, rejected the proffered award, and immediately instructed the jury that it must award Ms. Shook damages. Accordingly, the jury's initial intent to award Ms. Shook $0 damages was not a verdict that the court could reinstate and subsequently find against the weight of the evidence. The trial court, thus, erred in reinstating the $0 damages award.

We observe that, in light of the trial court's abuse of discretion in granting Ms. Shook's post-trial motion on grounds not raised by her, erroneously reinstating a damages award of $0, and then determining that that award was against the weight of the evidence, the issue actually raised by Ms. Shook in her post-trial motion, *i.e.*, whether the jury's verdict of $1,000 is against the weight of the evidence, remains unresolved. We, therefore, reverse the order of the trial court granting Ms. Shook a new trial on damages and remand for the court's consideration of Ms. Shook's claim that the jury's $1,000 verdict was against the weight of the evidence.[3]

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

_____

[3] In light of our disposition of these issues, we need not address Red Robin's remaining issues on appeal.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 4/4/2024